**Napoleon BROWN, Petitioner–
Appellant,**

v.

**R.Q. HICKMAN, Warden; California
State Attorney General,
Respondents–Appellees.**

**No. 00–55627.**

**D.C. No. CV–99–09738–LGB.**

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted May 13, 2002 *.

Decided May 24, 2002.

Before FERNANDEZ, THOMAS and WARDLAW, Circuit Judges.

## MEMORANDUM **

Napolean Brown appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Brown challenges his California state conviction and sentence for second degree murder, unlawful driving or taking of a vehicle, driving under the influence and causing bodily injury to another person, and driving under the influence and causing injury to another person while having a .08% or higher blood alcohol. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Brown contends that the trial court erred by failing to suppress five statements allegedly obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The first statement is, "Who wrecked my mama's car?" The second is that he "had been drinking and did PCP." The third pertains to how many other people were in the car with him. The fourth is "I knew I should have let her drive man." Lastly, the fifth is "My girlfriend was driving, and she was drinking, and I didn't want her to get in trouble because she was pregnant, so after she crashed, I made sure she was okay, and switched seats with her."

We may reverse a state court decision only if it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *Garvin v. Farmon*, 258 F.3d 951, 954–55 (9th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1546, —— L.Ed.2d —— (2002). Reviewing the district court's decision de novo, *Houston v. Roe*, 177 F.3d 901, 905 (9th Cir.1999), we conclude that Brown's contention is unavailing.

*Miranda* is not implicated unless a defendant is subjected to custodial interrogation. *See Bains v. Cambra*, 204 F.3d 964, 973 (9th Cir.2000). Because Brown's freedom of movement was not in any way restricted when he made the first, second or third statements, *Miranda* did not apply to those statements. *See Stansbury v. California*, 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (9th Cir.1994) (per curiam) (stating that for purposes of *Miranda*, a person is in custody if his freedom of movement is restrained to the degree associated with a formal arrest). Brown's fourth and fifth statements were unsolicited and spontaneously made, therefore *Miranda* did not apply to those statements either. *See Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) (stating that for purposes of *Miranda*, interrogation is any words or actions by the police that are reasonably likely to elicit an incriminating response).

Accordingly, the district court properly denied Brown's § 2254 petition because the state court's decision was not contrary to, or an unreasonable application of clear-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Brown's request for oral argument is denied. Brown's request for appointment of counsel is also denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ly established federal law. *See Garvin*, 258 F.3d at 958.

AFFIRMED.